IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM THE UKRAINE )
IN THE MATTER OF ) Misc. No. 08-
CHERKASY RIVER PORT )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Ukraine. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Ukrainian authorities who are investigating a case of alleged failure to repatriate foreign currency proceeds.

EVIDENCE SOUGHT:

The Ukrainian authorities seek information from a company which resides in this District and the Delaware Secretary of State's Office. Thus, the information the Ukrainians seek may be obtainable here. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application

of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in <u>In Re Request for Judicial Assistance from the Seoul District Criminal Court</u>, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." <u>In Re Letter of Request from the Crown Prosecution Services of the United Kingdom</u>, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in the Ukraine and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                    Respectfully submitted,

                                    COLM F. CONNOLLY
                                    United States Attorney

BY: _____
     David L. Hall
     Assistant U.S. Attorney
     1007 N. Orange Street
     Wilmington, DE   19801
     (302) 573-6277

Dated: 7 Aug 08



**Public Prosecution of Ukraine**

# PROSECUTOR GENERAL'S OFFICE OF UKRAINE

13/15 Riznytska Str., Kyiv, 01011

*✍* .06.08 No. 14/2-31170-08
To No._____ of_____

Mr. Rex Young
Senior Counsel
Office of International Affairs
U. S. Department of Justice
Suite 800

1301 New York Ave., N. W.
Washington, D. C., 20530

Dear Mr. Young,

The Prosecutor General's Office of Ukraine expresses its highest consideration to the U. S. Department of Justice and in conformity with the Treaty between Ukraine and the United States of America on Mutual Legal Assistance in Criminal Matters of 1998 applies with a request for legal assistance.

The Investigation Division of the tax militia of the State Tax Administration in Cherkasy region is investigating the criminal matter No. 3600700041, which was initiated by the elements of crime envisaged by Part 3 of Article 207 of the Criminal Code of Ukraine – evasion of repatriation of foreign currency proceeds.

Currently the need to carry out a number of procedural actions, indicated in the request, on the territory of the United States of America has arisen.

The Prosecutor General's Office of Ukraine maintains the mentioned request and applies to the U. S. Department of Justice with a kind request to organize its execution within the shortest term.

The Prosecutor General's Office of Ukraine assures that the criminal matter doesn't purpose any political objects. At the same time we guarantee that all materials, obtained in the course of execution of the commission, will be used only for the purpose of establishment of the objective truth in this criminal matter and during its consideration at court.

Please, refer the materials regarding the results of execution of this request to the Prosecutor General's Office of Ukraine with obligatory reference to number 14/2-31170-08.

If the execution of this request is impossible, please inform us about the reasons, which prevent it.

The Prosecutor General's Office of Ukraine avails itself of this opportunity to express its highest consideration to the U. S. Department of Justice and a sincere wish to the further fruitful cooperation between our institutions.

Enclosure: request on 43 pages.

Head
International Law Department          [signature]          Vitaliy Kasko

By: L. G. Novyk; tel.: 38044-288-83-15



Translator of the Prosecutor General's Office of Ukraine          O. Bratanchuk

**To whom:** The competent bodies of United States of America

Re: Request for granting legal assistance in investigation of criminal case on the fact of instituted proceedings against officials who evade responsibility to pay back returns in hard currency. This crime is stipulated by article 207 part 3 of the criminal Code of Ukraine

## Mutual Legal Assistance Treaty Request

**City of Cherkasy**                                **May 6th, 2008**

Ukraine addresses <u>the competent bodies of United States of America with request about granting legal assistance under the Mutual Legal Assistance Treaty about mutual legal assistance in criminal cases of July 22nd, 1998.</u>

Department of Investigation of Tax militia of the State Tax Administration in the Cherkasy region investigates criminal case №3600700041 against official persons of the open joint-stock company "Cherkasy river port" on the fact of a crime stipulated by article 207, part 3 of the Criminal Code of Ukraine.

Within investigation of criminal case it was established, that Lesechenko Vasyl Fedorovych, director of the open joint-stock company "Cherkasy River Port", located at the address: 1,Gorkogo, Cherkasy, Ukraine, and accountant of the same company Kadirova Valentyna Vsevolodivna, carrying out forejgn economic activity within the year 2006 provided transportation services by river transport to foreign company "Balkandonsteel L.L.C." (USA) according to the agreements: No19 of February 22nd,2006; No2 of January 5th, 2006; No 22 of March 3rd, 2006; No 50 of May 5th, 2006; No 40 of April 7th, 2006; No 63 of June 6th, 2006; No 53 of May 24th, 2006; deliberately evaded to pay back returns in hard currency amounting 62 110,40 62 110,40 values, submitting to the state tax inspection in city of Cherkasy deliberately false certificates:
No 191 of March 13th, 2006; No 273 of October 5th, 2006; No3 of January 9th, 2007, stating the absence of values in hard currency and property abroad. In fact, in the year 2006, they were paid in cash by "Balkandonsteel L.L.C." (USA) the amount of 62 110,40 USD. This fact was confirmed by the Conclusion of specialist No 9/3 of November 2007 according to which the

mentioned-above sum was received in hard currency from "Balkandonsteel L.L.C." and was not stated in accounting documents and tax declarations of the open joint-stock company "Cherkasy River Port".

Within investigation of the criminal case it was established, that Lesechko Vasyl Fedorovych, director of the open joint-stock company "Cherkasy River Port", concluded the Agreement No 67 of June 21st, 2006 with charterer of "Balkandonsteel L.L.C."(USA) B. Farrow for delivery of pig metal in quantity 2515,824 t. According to the Agreement No 67 in article No12 Freight rate it is stated: 1 USD per 1 ton of freight. Transportation of freight was done on board of motor ship "Kremenchug", which belonged to the open joint-stock company "Cherkasy River Port" by the captain Nedbaylo Mykola Ivanovych.

Besides, it was established that the captain of motor ship "Kremenchug", Nedbaylo Mykola Ivanovych, received 15295,333 USD in cash. It was confirmed in the report No 11 of July 2nd, submitted to the chief accountant of the open joint-stock company "Cherkasy River Port" Kadirova Valentina Vsevolodivna. But the mentioned-above money sum was not stated in accounting documents of the cashier of "Cherkasy River Port" and in accounting and tax declarations.

During interrogation of the captain of motor ship "Kremenchug", Nedbaylo Mykola Ivanovych, he confirmed and testified that according to the agreements he really fulfilled transportation of cargoes and received cash money in hard currency against a receipt from representative of the charterer "Balkandonsteel L.L.C."(USA) abroad. Later, after fulfillment of voyage, he gave the receipt to the chief accountant of the open joint-stock company "Cherkasy River Port" Kadirova Valentina Vsevolodivna and explained that these cash in hard currency was paid for food.

The mentioned-above actions of official persons of the open joint-stock company "Cherkasy River Port" are considered as a crime and are stipulated by Article 207 of the criminal code of Ukraine.


Article 207. Premeditated evasion from reimbursement of returns in hard currency.

1. Premeditated evasion of civil persons of enterprises, establishments and organizations regardless of type of property, or persons who carry out business activity without creation of legal person, from reimbursement of returns in hard currency to Ukraine in foreseen terms, received from sale of export (goods (works, services), or other material values, received from this gain and premeditated hiding of such gain, goods, or other material values, - *is punished by fine from six hundred to one thousand of non-taxed incomes of citizens or up to 2 years of correctional works imprisonment for the term up to three years..*

2. For the same actions committed repeatedly by preliminary agreement of the group of persons and premeditated evasion from reimbursement of returns

      in hard currency, goods, or other material values in the large sizes, -are punished by restriction of freedom for the term from three to five years or imprisonment for the term up to three years.

3. Actions stipulated by the first or second part of this article, if they are committed the same in the especially large sizes are punished by imprisonment for the term from five to seven years.

Notice 1. Evasion from reimbursement of returns in hard currency, goods or other material values received from that returns, goods or other material values are considered to be committed in large sizes if that returns, goods or other material values exceed non-taxed incomes of citizens in one thousand or more times (in recalculated currency of Ukraine, defined by the National bank of Ukraine on the last day of previewed by legislation term of transfer returns in hard currency from abroad).

Notice 2. Evasion from reimbursement of returns in hard currency, goods or other material values received from that gain, or concealment in some way of such returns, goods or other material values are considered to be committed in especially large sizes if that returns, goods or other material values exceed non-taxed incomes of citizens in one thousand or more times (in recalculated currency of Ukraine, defined by the National bank of Ukraine on the last day of previewed by legislation term of transfer returns in hard currency from abroad).

    Besides, On January 21st, 2008 during withdrawal of documents in the open joint-stock company "Cherkasy River Port" there were found other documents, which confirm financial – economic transactions between Charterer "Balkandonsteel L.L.C."(USA) and the open joint-stock company "Cherkasy River Port", such as: No 19 of February 22nd, 2008, No 2 of January 5th, 2006, No 22 of March 3rd, 2006, No 50 of May 5th, 2006, No 75 of July 27th, 2006, No 87 of September 9th, 2006, No 72 of July 15th, 2006, No 88 of September 14th, 2006, No 101 of October 21st, 2006, No 40 of April 7th, 2006, No 63 of June 6th, 2006, No 53 of May 24th, 2006. During investigation of this criminal case no other documents were not found.

    In this connection and aim to conduct detailed and impartial investigation of this criminal case it appeared necessity to conduct some investigation actions on the territory of the USA.

**Involved companies:**

2. "Balkandonsteel L.L.C.",
**Legal address:** Delaware, USA 701
Renner Road, Wilmington,
Delaware 19810
Newcastle County

On the basis of written above and guided by the Treaty between Ukraine and the USA about mutual legal assistance in criminal cases of July 22nd, 1998 I would like to ask:

1. To find out the factual location of the company "Balkandonsteel L.L.C."; Delaware, USA 701 Renner Road, Wilmington, Delaware 19810, Newcastle County.

2. To interrogate officials, namely, the director of the company "Balkandonsteel L.L.C." - citizen **B. Farrow,** and get evidence about financial-economic transactions with the open joint-stock company "Cherkasy River Port".(Code of Unified State Register of Enterprises, Organizations Establishments 03150214,city of Cherkasy) in year 2006.

3. According to the Decision of Withdrawal of May 6th,2008, to withdraw documents, which prove financial-economic relations between "Balkandonsteel L.L.C." and the open joint-stock company "Cherkasy River Port".

## The Required Documents

We ask you to give full data (the properly certified copies documents), containing evidence about relations between "Balkandonsteel L.L.C." and the open joint-stock company "Cherkasy River Port".

1. Properly certified copies of agreements between "Balkandonsteel L.L.C." and the open joint-stock company "Cherkasy River Port" for freight of motor ship "Kremenchug"and transportation of cargo signed in 2006.

2. Properly certified copies of documents for cargo, confirming that the open joint-stock company "Cherkasy River Port" provided transportation services to "Balkandonsteel L.L.C." in 2006 according to the agreements, which are enclosed.

3. Properly certified copies of Acceptance certificates, confirming the fulfillment of works between "Balkandonsteel L.L.C." and the open joint-stock company "Cherkasy River Port" for rendering transportation services of mentioned-above cargo in 2006 according to the mentioned-above agreements,

## Necessary evidence

To find out and get evidence of civil persons, namely the director of the company "Balkandonsteel L.L.C."- citizen B. Farrow. During this interrogation to find out:

1. Did the company "Balkandonsteel L.L.C." have economic and financial relations with the open joint-stock company "Cherkasy River Port"(city of Cherkasy, Ukraine)?

2. To give them for consideration the agreements: No 17 of February 8th, 2006; No 21 of March 2nd, 2006; No 52 of May 18th, 2006;No 61 of June 2nd, 2006; No 75 of July 27th, 2006; No 87 of September 9th, 2006; No 72 of July 15th, 2006;No 88 of September 14th,2006; No 101 of October 21st, 2006; No 92 of September 24th, 2006; No 97 of October 2nd, 2006; No 98 of October 16th, 2006; No 105 of October 27th, 2006, and to find out:

- Under what circumstances they concluded the above-mentioned agreements?

- Who signed them on the side of the open joint-stock company "Cherkasy River Port"?
- Did the citizen B. Farrow sign the mentioned above agreements?
- Did the open joint-stock company "Cherkasy River Port" render transportation services to "Balkandonsteel L.L.C.", if so, then what in particular?

- Did the open joint-stock company "Cherkasy River Port" render transportation services to "Balkandonsteel L.L.C.", if so, then what in particular?
- In what way and in what currency "Balkandonsteel L.L.C." paid the open joint-stock company "Cherkasy River Port" for the provided transportation services? If it was cashless settlement, in what banks and accounts money were transferred? What sums?
- Did "Balkandonsteel L.L.C." pays the open joint-stock company "Cherkasy River Port" by cash? If so, in what way and who paid?
- Did the captain of motor ship "Kremenchug"(which is on the balance of the open joint-stock company "Cherkasy River Port") receive cash? If so, who paid this money and for what purposes? Did cash in hard currency was paid to the captain of motor ship "Kremenchug" by citizen B. Farrow?
- What documents were drawn up when payments by cash were made to the captain of motor ship "Kremenchug" by representatives of "Balkandonsteel L.L.C.", which acted as a Charterer according to the concluded with the open joint-stock company "Cherkasy River Port" agreement? What receipts were received to confirm that captain of motor ship "Kremenchug" received cash money?
- Was settling of accounts between companies made in full?
- Does B. Farrow work now in the company "Balkandonsteel L.L.C."?

2. To find out and to interrogate as a witness the registrar agent of "Balkandonsteel L.L.C." about the following:

- When, who and at what address was registered the company "Balkandonsteel L.L.C." (USA)?

- Who is the founder of the company "Balkandonsteel L.L.C." (USA)?

- Who is the director of the mentioned-above company?

- Does he know the director of the company "Balkandonsteel L.L.C." (USA) by the name B. Farrow ?

- What is a legal address of the company "Balkandonsteel L.L.C." (USA)?
- What is a factual address of the company "Balkandonsteel L.L.C." (USA) "?
-From what account and by whom were paid money for legal address of the company Balkandonsteel L.L.C." (USA) ?
- Who ordered registration, from what country, by e-mail, fax or by post?
- Did the agent correspond with directors of the company "Balkandonsteel L.L.C." (USA)?
If so, then what was the essence of that correspondence or talks?
- Does the company exist now? Was it liquidated or renewed its work and when?

## INTERROGATION PROCEDURES

If it does not contradict with legislation of the USA, we ask to address the appropriate bodies of the USA to carry out interrogation of the witness and preparation of report of interrogation in the following way:
1. To begin interrogation of the witness with an establishment of his full name, the current address, date and place of birth.
2. To inform witness, that he is not obliged to give the answers on the questions concerning himself, members of his family or close relatives. Also it is necessary to inform the witness, that he is liable for provision of deliberately falsified evidence regarding all the other questions.
3. To ask questions which require answers.

To write a report of interrogation, containing the above- mentioned information. The report should contain: 1) the personal data given by the witness; 2) Notice that the competent body of the USA informed the witness that he may not give answers to the questions concerning himself, members of family or close relatives, but answers to all the other questions should be truthful, otherwise, he can be instituted to criminal proceedings; 3) Questions which have been asked, and the received answers.
Further: 1) to read to the witness questions and his answers to them which have been put down in writing; or 2) to ask the witness to read the report, containing questions and his answers.

To specify in the report of interrogation whether representative of the competent body of the USA read questions and answers to the witness, or the witness did it himself.

Each page of the report of interrogation should be signed by the person, who has given evidence as a witness. Then, report should be signed by the representative of the competent body of the USA who carried out interrogation.

With regard to withdrawal of documentation in the company "Balkandonsteel L.L.C.", I would like to ask the competent body of the USA, in person of representative who will carry out withdrawal, to perform it according to below specified requirements of the criminal - procedural code of Ukraine:

1. Representative of the competent body of the USA should inform employees of the company owning the required documentation about withdrawal of this documentation and submit the Decision of May 6th, 2008, (which is enclosed to the Request) and offer this person to give out the documents specified in the Decision. In event of refusal to execute his requirements, representative of the competent body of the USA should conduct a search or withdrawal under compulsion. Civil person of the company should sign and put down the date underneath the page of the decision on withdrawal.

2. Withdrawal, except for urgent cases, should be carried out at day-time.

3. Representative of the competent body of the USA should explain the civil person of "Balkandonsteel L.L.C.", owner of the required documentation, about his right to be present during all actions and to make applications concerning these actions; these applications are subject to entering in the report.

4. All properly certified copies of documents of the company "Balkandonsteel L.L.C.", which testify financial and economic relations and settlements of accounts with the open joint-stock company "Cherkasy river port" as well as documents confirming settlement of accounts.

5. All documents and objects, which are subject to withdrawal, should be shown to people, who are present during this search and registered in the report or in the description to it with the indication of names, quantity and individual attributes by representative of the competent body of the USA.

6. Representative the competent body of the USA writes the report about search or withdrawal in duplicate. Report should contain: grounds for search or withdrawals; premises or other places where the search or withdrawal is carried out; the person who carried withdrawal; actions of the inspector and results of search or withdrawal. All applications and remarks of people who are present during search or withdrawal of person concerning these or other actions of representative of the competent body of Serbia should be entered into report of search or withdrawal. Both copies of the report, as well as the description of the withdrawal objects should be signed by representative of the competent body of the USA, the person at who's place is searched or where withdrawal is carried out, and the invited persons who are present. The second copy of the report of search or withdrawal, and also the second copy of the description should be given to the person who's place is searched or where withdrawal is carried out.

Taking into account that investigation of this case should be completed in the shortest possible time, the investigation department of Ukraine asks to give the urgent help concerning this inquiry.

The investigation department of Ukraine also asks the appropriate bodies of United States of America to keep confidentiality about the data mentioned in this inquiry as far as it is possible according to the legislation of United States of America. Disclosure of this data may result in complication to gather evidences of guilt of officials of the open joint-stock company "Cherkasy River Port".

In turn the investigation department of Ukraine assures competent bodies of America, that all information received from the United States during execution of the inquiry will be used only for investigation of this criminal case and in court.

This criminal case doesn't prosecute political aims.

## CONTACT PERSON

If any questions in connection with this inquiry or its performance occur, please don't hesitate to contact the inspector of division of investigation of criminal cases in department of tax militia of the state tax administration in the Cherkassy region, Ukraine, Pedko Andriy Vitalyovych by the phone (0472) 35-29-86.

Please send reply to this inquiry and all documents received within fulfillment to the address: Kreshchatik St., 235, city of Cherkassy, Ukraine, 18000.

The following documents are enclosed:
- The decision of withdrawal - 2 pages;
- Extract from articles of the criminal Code of Ukraine and the Criminal – Procedural Code of Ukraine - 2 pages;
- Copies of agreements – 8 pages;

**Deputy Head of Tax Militia Administration**
**Head of Investigation department of tax militia of**
**The State Tax Administration**
**In Cherkasy region**
**Colonel of tax militia**       (signature)                          M.G. Alekseyenko

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) <br> FROM THE UKRAINE ) <br> IN THE MATTER OF ) <br> CHERKASY RIVER PORT ) | Misc No. 08- |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Ukraine whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Ukraine and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from Ukrainian authorities as follows:

    1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

    2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

  3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Ukraine, which procedures may be specified in the request or provided by the Ukrainian authorities;

  4. seek such further orders of this Court as may be necessary to execute this request; and

  5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Ukrainian authorities.

  IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

  Dated:  This _____ day of _____, 2008.

_____
United States District Court Judge